**UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

AYLO PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,

Plaintiff,

v.

ANATOLY CHERNOV AND JOHN DOES 1 – 20 d/b/a PORNHITS.COM,

Defendants.

Case No.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

Plaintiff Aylo Premium Ltd ("Plaintiff" or "Aylo"), by and through its counsel of record, files this Complaint against Defendants Anatoly Chernov and John Does 1–20 d/b/a pornhits.com (together, "Defendants").

**<u>PRELIMINARY STATEMENT</u>**

1.      Plaintiff is among the world's leading premium adult entertainment content providers. Plaintiff owns one of the largest extant libraries of original adult-themed video material. A majority of Plaintiff's content is and was produced in the United States.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 1

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

2.      Plaintiff methodically registers its video content with the United States Copyright Office, resulting in over 42,000 valid registrations (the "Works").

3.      By this lawsuit, Plaintiff seeks to protect thousands of its registered, copyrighted audiovisual Works from blatant infringement by Defendants.

4.      In August 2023, Plaintiff's predecessor, MG Premium Ltd, rebranded and changed its name to Aylo Premium Ltd. The name change from MG Premium Ltd to Aylo Premium Ltd did not disrupt any rights or ownership of the Works.

5.      Plaintiff monetizes its Works by operating premium subscription-based websites that provide members with exclusive access to high quality adult entertainment content, including unlimited viewing of its extensive library of professionally produced audiovisual Works.

6.      The conduct that gives rise to this lawsuit is egregious and willful. Defendants own and operate the website at the domain pornhits.com ("Pornhits"). Collectively, Defendants use this domain name to distribute infringing copies of audiovisual and image works, including Plaintiff's Works.

7.      Defendants are directly and knowingly involved in the trafficking of tens of thousands of pirated works—including 5,635 registered works owned by Plaintiff—on 5,635 individual web pages. None of the infringing works posted on the sites are "user-generated content" or "third-party" uploads. That is, the Pornhits website is not a user-generated content ("UGC") website. There is no user upload capability. Although the website may visually present the appearance of allowing user uploads, there is no functional upload capability; upon testing, the feature was found to be inoperative and illusory—further confirming that Defendants themselves control the selection and posting of infringing content on Pornhits.

8.      Defendants are not "service providers," are not engaged in the storage of content at the direction of users, and thus are not entitled to any of the safe harbors afforded under Section 512 of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 512). Defendants do not even attempt to comply with the takedown obligations under the DMCA that would afford them safe

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 2

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

harbor. Instead, they systematically refuse to comply with proper and compliant DMCA takedown notices.

9.     Defendants' actions are causing serious harm to Plaintiff and its business and must be stopped immediately. Because Defendants will not desist voluntarily, Plaintiff now comes before this Court to seek injunctive relief and damages.

## JURISDICTION AND VENUE

10.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

11.     This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement under 28 U.S.C. §§ 1331 and 1338.

12.     Defendants Anatoly Chernov and Does 1–20 (the "Defendants") are individuals or entities that own and operate website located at the uniform resource locator ("URL") pornhits.com.

13.     Defendants own and operate the Pornhits website.

14.     Defendants act in concert with each other in the operation of Pornhits.

15.     Defendants operate Pornhits for purposes of the copyright infringement allegations alleged here.

16.     Defendants knowingly and purposefully market to and target the entire United States, including residents of this District, through Pornhits.

17.     Specifically, the Pornhits website displays geo-targeted advertisements to United States users, confirming that the operators have the technical capability to identify the general location of each visitor and serve ads accordingly. These advertisements are tailored to United States markets

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 3

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-450

and include promotions specific to this judicial district, further evidencing Defendants' intentional targeting of United States-based and district-specific traffic.[1]

18.    On information and belief, Defendants maintain contractual relationships with United States-based companies to promote their services through advertisements displayed on the Pornhits website. For example, Pornhits displays advertisements for Joi.com. Joi.com is "Joi AI," a virtual-companion platform for character chats and AI image/video generation, including sexually explicit options. Joi operates on a freemium model in which basic features are free, while users are encouraged to purchase a Premium subscription and "Neurons" for additional functions and content. Joi.com identifies its United States operator as Lanoto Solutions Inc., located in New Rochelle, New York, and its United States Terms & Conditions state that New York law governs.[2] As a second example, Pornhits displays advertisements for the adult entertainment website Chaturbate.com. Chaturbate.com is owned and operated by Multi Media LLC, a California-based company.

19.    Defendants entered into agreements with United States-based service providers for the purpose of operating Pornhits.

20.    Namecheap, Inc., an ICANN Accredited Registrar, based in Phoenix, Arizona, is the registrar for Pornhits.com. To register a domain and use Namecheap's services, users must follow Namecheap's process to enter into an agreement. This includes selecting an available domain name and providing customer information such as name, billing address, email, payment details, and DNS information. Defendants therefore have a direct contractual relationship with Namecheap.

21.    In response to a DMCA Subpoena issued by Plaintiff, Namecheap provided the login history for Pornhits showing the operators controlling the Pornhits domain. The majority of the logins to control Pornhits—including logins on April 24 and 28, 2025; May 22, 2025; June 5 and 11, 2025;

---

[1] Attached as **Exhibit A** is a true and correct copy of a web page from the Pornhits website, redacted to conceal images of nudity, that shows geo-targeted advertising, including in this circuit.

[2] Attached as **Exhibit B** is a true and correct copy of a "Terms of Service" web page from the Joi.com website.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 4

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

July 1, 2025—were from the IP address 54.194.2.114[3], an address registered to Seattle-based Amazon Web Services.[4]

22.    Defendants have a direct contractual relationship with California-based Google LLC for services, including its Google Analytics product.[5]

23.    On information and belief, Defendants use at least two content delivery network (CDN) providers to deliver infringing content to users including Cloudflare, Inc., a Delaware corporation headquartered in California.

24.    Defendants have used an X.com (formerly Twitter) account to promote their infringing website to users in the United States. X is a United States-based company governed by its Terms of Service, which require users to agree to certain United States legal standards and submit to United States jurisdiction for disputes involving X. Defendants' use of X.com to promote their website demonstrates their intentional engagement with United States-based platforms and audiences.

25.    Pornhits website includes a dedicated "2257 compliance page" that references 18 U.S.C. § 2257, a United States federal statute governing recordkeeping for sexually explicit content. By invoking this statute and inviting users to report unlawful material, Defendants intend for United States viewers to use Pornhits.

---

[3] Attached as **Exhibit C** is a true and correct copy of the WHOIS Records for pornhits.com provided by Namecheap Inc. which shows the Registrant, Administrative, Technical, and Billing Contact, User Information, Login, and Transaction History and a true and correct copy of the American Registry for Internet Numbers record for IP Address 54.194.2.114.

[4] *See* https://search.arin.net/rdap/?query=54.194.2.114 Last visited: November 19, 2025.

[5] Attached as **Exhibit D** is a true and correct copy of the Pornhits Homepage source code, which shows its Google Analytics "gtag" at lines 54 and 56 (G-HVPVT8JSE5). Securing a dedicated Google Analytics "gtag" requires a manual sign-up process, agreement to Google's Terms of Service with consent to US jurisdiction, and the manual insertion of the unique code into the website's source code, controlled at an administrator level. Further information on Google's "ownership verification" and the "gtag" can be found on their respective support pages: https://support.google.com/webmasters/answer/9008080?hl=en                                               and https://support.google.com/analytics/answer/9355662?hl=en.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 5

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-450

26.     The Pornhits website includes a DMCA Notice page containing industry-standard language and instructions for submitting notifications of alleged copyright infringement pursuant to the Digital Millennium Copyright Act, specifically Title 17, Section 512(c)(2) of the United States Code. However, in practice, following these instructions does not result in the removal of infringing content, nor does it lead to the termination of repeat infringers, as required under the DMCA.

27.     Defendants have manually placed an RTA "Restricted to Adults" label in the website code at line 9 for Pornhits.[6] The use of the RTA label is governed by RTA Terms and Conditions including that the "agreement shall be governed by the laws of the United States of America and subject to the exclusive jurisdiction of the courts of the United States of America."[7]

28.     Based on a website analysis overview from Similarweb.com, an industry-trusted website analytics company, covering the one-month period ending October 31, 2025, Pornhits averaged approximately 8.756 million monthly visitors. United States visitors were the second-largest market at 19.58% (approximately 1,700,000 United States visitors in October), followed by Germany at 6.96%.[8]

29.     Based on the SimilarWeb report, for the one-month period ending October 31, 2025, Internet traffic driven to Pornhits.com from social media platforms came predominantly from United States-based entities such as California-based YouTube, which accounted for 64.33% of social media-driven traffic; Facebook, which accounted for 4.79%; Reddit, Inc., which accounted for 7.83%; and Instagram, which accounted for 8.45%; and Texas-based X.com (formerly Twitter) accounted for 7.08%. *See* Exhibit E at 7.

---

[6] "The 'Restricted To Adults' website label was created by the US-based Association of Sites Advocating Child Protection (ASACP) to better enable parental filtering, and to demonstrate the online adult industry's commitment to helping parents prevent children from viewing age-inappropriate content." *See* asacp.org and rtalabel.org. *See also* **Exhibit D,** line 9, a true and correct copy of the Pornhits Homepage source code, which shows its RTA label.

[7] RTA Terms and Conditions at number six. *See* https://www.rtalabel.org/?content=terms.

[8] Attached as **Exhibit E** is the Pornhits SimilarWeb Report.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 6

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

30.    Defendants' use of United States vendors, United States-based advertisers, geo-targeted ads, and other key services illustrates that Defendants are expressly aiming their website and business at the United States market.

31.    On information and belief, Defendants all transact business in this judicial district through their interactive website and through their interaction with the United States and Washington residents who have been offered the infringing content on Pornhits and who have, themselves, engaged in acts of infringement in this District and State. The Court has personal jurisdiction over Defendants, who have engaged in business activities in and directed to this District and have committed tortious acts within this District or directed at this District. Defendants are subject to service of process under the state Long-Arm Statute and Fed. R. Civ. P. 4(e).

32.    Any alien defendant is also subject to jurisdiction in any district. *See* 28 U.S.C. 1391 ("An alien may be sued in any district."); *see also* Fed. R. Civ. P. 4(k)(2).

33.    Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district and/or because Defendants are subject to the court's personal jurisdiction with respect to this action.

## **PARTIES**

34.    Aylo Premium Ltd has at all relevant times been a private limited liability company organized under the laws of the Republic of Cyprus with its head office at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus 2540. Aylo is the owner of the copyrights associated with many well-known trademark-protected brands of adult content, including "Reality Kings," "Brazzers," "MOFOS," "Babes.com," and "Twistys," among others.

35.    Plaintiff owns one of the largest portfolios of premium adult-oriented audiovisual content in the world. Plaintiff routinely registers copyrights in its content with the United States Copyright Office.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 7

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

36.    Plaintiff owns over 42,000 registered copyrights to legal adult videos.[9]

37.    Attached as **Exhibit F** is a schedule of the copyright registrations for Plaintiff's works at issue in this lawsuit (the "Plaintiff's Works").[10]

38.    Plaintiff licenses its videos for valuable consideration, including for display on subscription-based websites. Plaintiff has never authorized or given consent to Defendants to use its Works on Defendants' website.

39.    On information and belief, Defendant Anatoly Chernov is an individual whose physical address is currently unknown but who resides outside the United States.

40.    Defendants own and operate the website located at pornhits.com.

41.    The pornhits.com domain is registered through Namecheap, Inc., a United States-based registrar operator and governed by registry agreements enforceable under United States law. As such, this domain falls within the scope of United States legal jurisdiction and is subject to enforcement through United States-based registry infrastructure.

42.    The .com registry is Verisign, Inc.[11]

43.    The Pornhits website is available in the United States.

44.    Defendants operate Pornhits with the intention of broadcasting, distributing, or making available content in the United States and earning money from the United States market.

45.    Defendants are the owners, operators, shareholders, executives, and/or affiliates of Pornhits. Plaintiff is unaware of the true names or capacities of the Doe Defendants. Plaintiff is informed and believes, and on that basis alleges, that the Defendants either (a) directly performed

---

[9] To comprehend the size of Plaintiff's registered library of over 42,000 films, "[o]ver its 50-year history, the MPAA has rated a total of 29,791 films." *See* https://www.motionpictures.org/press/mpaa-celebrates-50-years-of-film-ratings (2018).

[10] Also attached as **Exhibit G** are ten examples of the 5,635 copyright registrations for Plaintiff's Works pertinent to this case.

[11] Verisign, Inc. is the ICANN-contracted registry operator for the .com top-level domain. As the registry, Verisign maintains the authoritative .com database and DNS and provides wholesale registration services to ICANN-accredited registrars.

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

the acts alleged here, (b) were acting as the agents, principals, alter egos, employees, or representatives of the owners and operators of Pornhits, and/or (c) otherwise participated in the acts alleged here with the owners and operators of Pornhits. Accordingly, the Defendants each are liable for all the acts alleged here because they were the cause in fact and proximate cause of all injuries suffered by Plaintiff as alleged here. Plaintiff will amend the complaint to state the true names of the Defendants when their identities are discovered.

## STATEMENT OF FACTS

46.     Pornhits.com is a website that displays pirated copyrighted adult entertainment content without authorization or license.

47.     On information and belief, all of the video and image content on Pornhits is placed onto Pornhits by the owners and/or operators of the domain. That is, the website's visitors cannot upload any content to Pornhits.

48.     Defendants monetize their copyright infringement on Pornhits through the advertising banners visible on the site. On information and belief, advertising is the only way Pornhits makes money.

49.     Besides displaying static banner advertisements, the Pornhits website shows visitors pop-up advertisements.

50.     On Pornhits, Plaintiff's Works are easily searchable by brand name. Entering a brand name sends visitors to comprehensive pages that display the Plaintiff's Works, optimized for search engines with relevant keywords such as brand names, actors' names, and other descriptive details.

51.     Pornhits places a "Download" link below each video. When a user clicks "Download," the user is routed to a dedicated Pornhits webpage that attempts to sell a free trial to a paid membership. After the user accepts or declines the paid membership or free trial, Pornhits makes the video available for download.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 9

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

52.     Pornhits allows users to share videos from the site on any other website or social media site, including Telegram, Facebook, and X (formerly Twitter). This functionality, along with the ability to download full-length videos, makes it impossible to know where and how many times the copyrighted videos have been posted and displayed illegally as a direct result of Defendants' unlawful display.

53.     Pornhits does not meet the requirements for the safe harbor provisions of the DMCA. Specifically, Defendants do not honor take-down notices.[12]

54.     On information and belief, Defendants upload infringing materials onto pornhits.com and are the sole source of infringing content on Pornhits.

55.     Plaintiff's agents routinely police websites to identify infringement of Plaintiff's Works. Those investigations revealed that tens of thousands of Plaintiff's Works are available on Pornhits. Pornhits has no license or authorization from Plaintiff to copy or display Plaintiff's Works.

56.     As of October 6, 2025, Plaintiff has identified that the Pornhits website displayed 5,635 of Plaintiff's Works at 5,635 URLs. **Exhibit F** to this complaint identifies the copyright registrations for each of Plaintiff's Works and the URLs where Defendants displayed them. Defendants have no authority or license to display or distribute any portion of Plaintiff's Works on Pornhits.

57.     Each of these 5,635 URLs on Defendants' website display one or more of Plaintiff's Works.

58.     Plaintiff has demanded that Pornhits remove Plaintiff's Works from Pornhits by sending a series of takedown notices in accordance with the takedown provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512(c). Plaintiff (as Aylo Premium Ltd or MG Premium Ltd)

---

[12] Plaintiff has sent over 44,934 DMCA-compliant takedown notifications to Defendants using the contact email provided by Defendants' DMCA Page and the additional contacts produced in response to DMCA subpoenas. The most recent notice, which identified the registrations and linked URLs at issue in this action, was sent on September 24, 2025. Several URLs displaying unlicensed content were reported more than 10 times and up to 16 times. Every one of the notices was ignored.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 10

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

submitted DMCA-compliant takedown notices seeking to remove over 44,934 links to its Works from Pornhits. As of the filing of this complaint, Plaintiff or its agents sent DMCA-compliant takedown notices identifying every URL listed in **Exhibit F** to the email address Defendants provided on Pornhits for takedown communications, yet as of the date of this filing, 100% of the reported URLs remained active.

59.    Further, Plaintiff (as Aylo Premium Ltd or as MG Premium Ltd) sent DMCA-compliant Takedown Notices under 17 U.S.C. § 512(c) to Google, LLC in an attempt to have links to its Works being infringed on Pornhits removed from Google.com search results. Plaintiff frequently sends requests to Google, LLC to remove indexed links to infringing uses of its Works on Google.com.[13]

60.    None of the DMCA takedown notices Plaintiff's sent to the Defendants were returned as undeliverable.

61.    Defendants did not remove any content identified in the takedown notices or respond to any of Plaintiff's DMCA takedown notices. On information and belief, Defendants have actual knowledge and notice of their infringement of Plaintiff's Works. Defendants' infringement is unmistakable even to a casual observer. Defendants' use of Plaintiff's brand names to index infringing material to facilitate searching underscores that Defendants know they are using Plaintiff's Works.

62.    Through the conduct alleged here, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiff's Works.

---

[13] Aylo Premium Ltd, formerly MG Premium Ltd, has filed 1,113,532,065 requests to remove links to infringing uses of its content from Google.com, making it the world's second top copyright owner to request removals. Penguin Random House LLC is in first position with 1,333,527,506 requests, and HarperCollins Publishers LLC follows in third with 873,212,912 requests. *See* https://transparencyreport.google.com/copyright/overview?browse_copyright=ce:owner;size:6&lu=browse_copyright&hl=en (last visited on November 19, 2025).

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 11

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

63.     Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiff of the lawful monetary rewards that accompany its rights in the Works. Defendants' disregard for copyright laws threatens Plaintiff's business.

64.     Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on Pornhits.

65.     Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

## FIRST CAUSE OF ACTION

### Copyright Infringement – 17 U.S.C. §§ 101 *et seq.*

**Against All Defendants**

66.     Plaintiff re-alleges the allegations set forth in the preceding paragraphs.

67.     Plaintiff owns the copyright in each of the Plaintiff's Works.

68.     Plaintiff has valid registrations with the United States Copyright Office for each of the Plaintiff's Works.

69.     Defendants have infringed, and are continuing to infringe Plaintiff's copyrights by uploading, reproducing, adapting, distributing, publicly performing, and/or publicly displaying and authorizing others to reproduce, adapt, distribute, publicly perform, and/or publicly display copyrighted portions and elements of the Plaintiff's Works, and/or the Plaintiff's Works in their entireties, without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

70.     Defendants did not have authority or license to copy or display any of the Plaintiff's Works.

71.     Plaintiff has never authorized or given consent to Defendants to use any of the Plaintiff's Works in the manner displayed and exploited by Defendants.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 12

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

72. Defendants knew or should have known they did not have permission to exploit the Plaintiff's Works on Pornhits and further knew or should have known their acts constituted copyright infringement.

73. The quantity and quality of videos available to users on Pornhits increased the attractiveness of Pornhits to its customers, increased its user base, and increased its advertising sales revenue.

74. On information and belief, Defendants actively uploaded pirated copyrighted files, enabling users of Pornhits to view copyrighted videos and images for free.

75. Defendants controlled pirated files of Plaintiff's Works and decided which files to display on Pornhits.

76. On information and belief, Defendants were aware of or were willfully blind to the fact that pirated copyrighted materials comprised the most popular videos on Pornhits.

77. Defendants, through Pornhits, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

78. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

79. Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Plaintiff's Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 13

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement

### Against All Defendants

80.   Plaintiff re-alleges the allegations in the preceding paragraphs.

81.   Unknown individuals, without authorization, reproduced and distributed Plaintiff's Works through Defendants' website, directly infringing Plaintiff's Works.

82.   Defendants contributed to the infringing acts of those individuals.

83.   Defendants were aware, should have been aware, or were willfully blind to the infringing activity.

84.   Defendants aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff's Works through Pornhits without regard to copyright ownership.

85.   Defendants had the ability and obligation to control and stop the infringements and failed to do so.

86.   On information and belief, Defendants materially contributed to or induced the infringement.

87.   Defendants have knowingly induced, caused, and/or materially contributed to the unauthorized reproduction, adaptation, public display, and/or distribution of copies of Plaintiff's Works, and thus to the direct infringement of Plaintiff's Works.

88.   On information and belief, Defendants, as the owners and/or operators of Pornhits, received direct financial benefits from the infringements of the Plaintiff's Works on Pornhits.

89.   Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in Plaintiff's Works in violation of the Copyright Act.

90.   Defendants' acts of infringement were willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

91.   As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement;

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 14

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

92.    Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Plaintiff's Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

### THIRD CAUSE OF ACTION

### Vicarious Copyright Infringement

### Against All Defendants

93.    Plaintiff re-alleges the allegations in the preceding paragraphs.

94.    Unknown individuals, without authorization, reproduced and distributed Plaintiff's Works through Defendants' website, directly infringing Plaintiff's Works.

95.    Defendants had a right and ability to supervise or control that infringing conduct and failed to do so.

96.    Defendants directly benefitted financially from the infringing activity.

97.    The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

98.    The acts of infringement by Defendants have been willful, intentional, and purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

99.    As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

100.    Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 15

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Plaintiff's Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## FOURTH CAUSE OF ACTION

### Inducement of Copyright Infringement

### Against All Defendants

101.    Plaintiff re-alleges the allegations in the preceding paragraphs.

102.    Defendants have induced copyright infringement. Defendants designed and/or distributed technology, devices, or products used in infringement at Pornhits.

103.    Defendants intentionally designed, deployed, and maintain the Pornhits website and related infrastructure for the purpose of encouraging and facilitating widespread copyright infringement of Plaintiff's Works. This includes the use of search indexing, advertising systems, and embedded content features specifically aimed at promoting access to pirated material.

104.    On information and belief, Defendants directly induced individuals to access, download, and redistribute infringing copies of Plaintiff's Works. Defendants accomplished this by promoting, recommending, and making available infringing content on the Pornhits Website.

105.    As a direct and proximate result of Defendants' actions, individuals reproduced, distributed, and publicly displayed Plaintiff's Works without authorization. These acts of infringement occurred through and because of Defendants' inducement.

106.    Defendants' conduct constitutes inducement of copyright infringement under established law. Defendants knowingly took affirmative steps to foster infringement, and their actions were undertaken with the object of promoting infringement for commercial gain.

107.    Defendants' actions constitute inducing copyright infringement of Plaintiff's copyrights and exclusive rights under copyright in Plaintiff's Works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 16

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

108. The infringement of Plaintiff's rights in and to each of Plaintiff's Works constituted a separate and distinct infringement.

109. The acts of infringement by Defendants have been willful, intentional, purposeful, and in reckless disregard of and with indifference to Plaintiff's rights.

110. As a direct and proximate result of Defendants' infringement, Plaintiff is entitled to its actual damages along with Defendants' profits that are attributable to their infringement; alternatively, it is entitled to statutory damages for infringement in the maximum statutory amount allowed.

111. Because of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Plaintiff's rights in the Plaintiff's Works. Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aylo Premium Ltd prays that this Court enter judgment in its favor against Defendants on every claim for relief set forth above and award Aylo Premium Ltd relief including, but not limited to, an Order:

A. Preliminarily and permanently enjoining Defendants, their agents, servants, officers, directors, employees, attorneys, representatives, successors, assigns, parent and subsidiary corporations or other related entities, and any or all persons acting in concert or participation with any of them, or under their direction or control, from any of the following activities:

> (1) Hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 17

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

exploiting or making any use of any of Plaintiff's Works, including the Plaintiff's Works, or any portion thereof in any form;

(2)    Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party (i) to host, link to, distribute, reproduce, copy, download, upload, make available for download, index, display, exhibit, publicly perform, communicate to the public, stream, transmit, or otherwise exploit or make any use of Plaintiff's Works, including the Plaintiff's Works, or portions thereof; or (ii) to make available any of Plaintiff's Works, including the Plaintiff's Works, for hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use;

(3)    Using, operating, maintaining, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use of any of Plaintiff's Works, including the Plaintiff's Works;

(4)    Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party to visit any website, including but not limited to any website operated by Defendants, that hosts, links to, distributes, reproduces, copies, downloads, uploads, makes available for download, indexes, displays, exhibits, publicly performs, communicates to the public, streams, transmits, or otherwise exploits or makes any use of Plaintiff's Works, including the Plaintiff's Works, or portions thereof;

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 18

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

(5)     Transferring or performing any function that results in the transfer of the registration of any Pornhits.com domain name to any other registrant or registrar; and

(6)     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in this Paragraph.

B.     Requiring Defendants, their officers, servants, employees, and agents, and any persons in active concert or participation with them, after actual notice of this injunction, including domain name registries and registrars (including Verisign, Inc., the .com registry operator, and Namecheap, Inc., the domain registrar), that have possession, custody, or control over the domain name Pornhits.com (or any domain used for Defendants' infringing activities), to transfer that domain name to Plaintiff's control by changing the registrar of record to a registrar of Plaintiff's choosing, or, at Plaintiff's election, to hold and/or release the domain rather than transfer it.

C.     Requiring Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns, and parent and subsidiary corporations or other related entities, and any or all persons or entity or entities acting in concert or participation with any of them, or under their direction or control, including any internet search engines, web hosting and Internet service providers, domain name registrars, domain name registries and other service or software providers, within five (5) business days from the issuance of this Order:

(1)     To block or attempt to block access by United States users to the Pornhits.com website by blocking or attempting to block access to all domains, subdomains, URLs, and/or IP Addresses that have as their sole or predominant purpose to enable or facilitate access to the Pornhits.com domain; and

(2)     To re-route all domains, subdomains, URLs, and/or IP addresses that provide access to each and every URL available from Pornhits.com, their domains and subdomains.

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 19

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

D.      That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

E.      That Plaintiff be awarded statutory damages in an amount to be determined at trial for all infringing activities, or actual damages including Plaintiff's damages and lost profits and Defendants' profit, at Plaintiff's election;

F.      That Defendants be ordered to account to Plaintiff for all profits, gains, and advantages that they have realized through their unauthorized use of Plaintiff's Works;

G.      That Plaintiff be awarded enhanced damages and attorney's fees;

H.      That Plaintiff be awarded pre-judgment and post-judgment interest;

I.      That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.      That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

\\\\

\\\

\\

\

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 20

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  November 29, 2025.

**FREEMAN LAW FIRM, INC.**

By  /s/ *Spencer D. Freeman*

Spencer D. Freeman, WSBA No. 25069
1107 ½ Tacoma Avenue South
Tacoma, Washington 98402
253-383-4500
253-383-4510 (fax)
sfreeman@freemanlawfirm.org

**ETHAN JACOBS LAW CORPORATION**

By /s/ *Ethan Jacobs*

Ethan Jacobs (*pro hac vice forthcoming*)
100 Pine Street, Suite 1250
San Francisco, California 94111
415-275-0845
ethan@ejacobslaw.com

*Counsel for Plaintiff Aylo Premium Ltd*

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF - 21

Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA98042
(253) 383-450